IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31319
Summary Calendar
_____

CHARLES R. THOMAS, II,

Plaintiff-Appellant,

versus

EXXON CORPORATION,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-67-M1
---------------------
March 22, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

Charles R. Thomas appeals the summary judgment dismissal of
his employment discrimination claims against Exxon Corporation
raised under Title VII and Louisiana's employment discrimination
statutes. See 42 U.S.C. § 2000, et seq. (2000); LA. REV. STAT.
ANN. §§ 23:331-333 (West 1998). Thomas' claims are founded on a
series of disparate employment decisions taken by Exxon between
1992 and 1998. The district court initially ruled that all but
one of these decisions were time-barred under both federal and
Louisiana law; consequently they could not serve as the basis for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thomas' discrimination claims. The district court further concluded that Thomas had failed to rebut Exxon's legitimate, non-discriminatory explanation for the sole adverse employment decision taken within the relevant state and federal time periods. We AFFIRM.

Under Title VII, an allegedly unlawful employment practice cannot be the subject of an action unless the plaintiff filed an EEOC charge within 300 days of the incident. *See* 42 U.S.C. § 2000e-5(e)(1) (1994); *Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998). Thomas argument notwithstanding, the summary judgment evidence conclusively establishes that his only EEOC charge was filed on September 14, 1998 so that any discriminatory acts or conduct occurring prior to November 18, 1997 could not have been part of that charge. All but one of the events giving rise to Thomas' claims took place outside this window. Similarly, all but one of these events began outside the one-year prescriptive period imposed on employment discrimination claims under Louisiana law. *See King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 187 (La. 1999). Even assuming that Thomas filed his EEOC charge on September 4, 1998, the district court's ultimate judgment that all but one of Thomas' claims are time-barred remains correct.

We also agree with the district court that the summary judgment record does not contain evidence supporting Thomas' reliance on a continuing violation or continuing tort theory. These theories apply when an "unlawful employment practice manifests itself over time, rather than as a series of discrete

2

events." *See Webb*, 139 F.3d at 537 (citations omitted). Thomas'
evidence does not suggest that the events alleged were part of
"an organized scheme" with the cumulative effect of
discrimination. Instead, the record discloses a series of
discrete events that, standing alone, would have made a
reasonably prudent person suspicious of a discrimination problem
at the time of their occurrence. Therefore, the district court
correctly rejected Thomas' continuing violation and continuing
tort theories. *See Huckabay v. Moore,* 142 F.3d 233, 239-40 (5[th]
Cir. 1998); *Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1997);
*see also Nichols v. Lewis Grocer*, 138 F.3d 563, 565-66 (5th Cir.
1998) (pointing out that Louisiana and federal employment
discrimination policies are so similar that Louisiana courts
often rely on federal case law to interpret the Louisiana
statute).

Only one event supporting Thomas' claims – Exxon's 1998
decision not to hire Thomas as a zone planner – falls within the
federal and state statutory time limits. Thomas maintains that
Exxon unlawfully made this decision based on his race. Exxon,
however, has articulated a legitimate non-discriminatory reason
for denying Thomas this position. Specifically, Exxon's zone
planner system required that all zone planners be at least a
first line supervisor, temporary shift foreman, or temporary
temporary supervisor. Thomas held none of these positions in
1998; Exxon maintains he was not hired as a zone planner for this
reason alone. Thomas has provided no competent summary judgment
evidence indicating either that Exxon's stated reason for denying

3

him this position was pre-textual, or that Exxon's actual motive was discrimination.  Accordingly, summary judgment on this claim was appropriate.

Having fully considered Thomas' brief on appeal, we AFFIRM the judgment of the district court.

AFFIRM.